NO. 8019.

JOHN B. VERGNES

VS

ELIAS JOHNSON.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

8019

Bt his Honor John St.Paul.

This is a suit for possession of alleged leased premises because on failure to pay the "rent" promptly. The defense is 1. That no legal and sufficient <u>demand</u> for payment was ever made upon defendant, and 2. That the alleged lease was in fact no lease at all but an actual <u>sale</u> <u>of</u> <u>the</u> <u>premises</u> on the instalment plan.

On May 1st 1913 plaintiff leased the premises to the defendant for three years at a rental of $25 per month payable in advance, and the lessee to pay the taxes and insurance. The lessee was to have, at any time during the lease, the privilege of <u>buying</u> the property for $2000, subject to a credit for all the rent paid after deducting therefrom interest at 7% on the purchase price from the date of the lease to the date of the sale "the same as if the sale had taken place at this date"; the adjustment of interest to be made from year to year.

Now a simple calculation will show that if this were indeed a sale, the purchaser would have reduced his indebtedness at the end of three years to exactly $1485.62; at the end of six years to exactly $853.47; and at the end of nine years he would have paid the whole purchase price less only $83.35.

The defendant paid promptly during the first three years; for at the expiration thereof the lease was renewed for another three years on the same terms; but the purchase price was now reduced (as it should have been) tp precisely $1485.62.

Again the defendant paid promptly during these next three years; for at the expiration thereof the "lease" was again renewed for another three years on the same terms; but the purchase price was now still further reduced (as it should have been) to precisely $853.47. This was on April 1st 1919.

After this defendant again paid promptly for a while, and sometimes even in advance. But by reason of illness he fell behind about February 1920; for the February payment was made in April and the March payment on May 21st.

On May 31st, the notes for April and May being then due and unpaid, plaintiff served notice to vacate, and then brought these proceedings.

### I.

The writer hereof is clearly of opinion that the alleged lease herein involved evidences a sale of the property on the instalment plan; that the fact of defendant's having finally bound himself for the whole purchase price (less a mere trifle of $85 out of $2000) distinguishes this case from Doullet Vs Rush, 142 La 443, and brings it within Barber Asphalt Co vs St Louis Cypress Co, 121 La 152; and accordingly he thinks that plaintiff is neither lessor nor owner of the property, and has no other rights therein or thereon but to recover the balance of the purchase price and interest; that having
*and interest*
already received nearly two thirds of the purchase price he

528

cannot both keep that and$ also take back the property.

But as his collegues think it unnecessary to consider that phase of the case he will not elaborate thereon.

## II.

But we are all of opinion that no proper and sufficient demand for payment was ever made upon defendant. The notes given by him appear perhaps to have been made payable at the premises, but even if not so made payable it was there that defendant has his domicile and there that the notes should have been presented and payment demanded; and this was not done. The fact that defendant was then away from the city makes no difference; it was there that plaintiff served his notice to vacate, there that he had the citation served, all in defendants absence; and it was there that he should have made his demand for payment, even in defendant's absence: Frederico vs Scheinkraut, #7921; Lafayette Realty Co vs Puglia, 10 Orleans App. 105; Bonnabel vs Metairie Cypress Co, 129 La 928; Dalloz, Code Nap. Art 1728, No. 273.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at his costs in both courts.